11323

CUDD v. MOORE *ET AL.*

(119 S. E., 837)

1. APPEAL AND ERROR—EXCEPTIONS VIOLATING SUPREME COURT RULE AS TO MANNER OF STATEMENT NOT CONSIDERED.—Exceptions violating Supreme Court Rule 6 (90 S. E., vii), requiring an exception to contain a concise statement of one proposition and a complete assignment of error without reference to any other exception, will not be considered.

2. TRIAL—ERROR TO DIRECT VERDICT, EVIDENCE BEING SUSCEPTIBLE OF MORE THAN ONE INFERENCE.—Where the evidence is susceptible of more than one inference, it is error for the Circuit Court to direct a verdict.

3. APPEAL AND ERROR—REASON OF OBJECTION TO ADMISSION OF EVIDENCE MADE AFTER VERDICT NOT CONSIDERED.—Where it does not appear that objection was made to the sufficiency of the manner in which the bankruptcy of defendants was pleaded until the verdict was rendered, an exception to the admission of evidence as to bankruptcy over objection that the bankruptcy was not sufficiently pleaded, that the testimony was irrelevant and tending to mislead and confuse the jury, cannot be sustained.

Before W. S. HALL, SPECIAL JUDGE, Spartanburg, 1923. Reversed as to Moore; appeal as to Lyles, dismissed.

Action by John T. Cudd against R. H. Moore and J. H. Lyles. Judgment for defendants and plaintiff appeals.

The complaint was as follows:

"Plaintiff alleges:

"(1) That on the ———— day of ————, 1921, the plaintiff, by and with the consent of the defendant J. H. Lyles, placed in a warehouse of the Mayo Supply Company, under the care and direction of the defendant J. H. Lyles, seed out of seven bales of cotton amounting to two and 14/20 (2 14/20), of the value of the hundred and eight ($108.00) dollars, leaving the same in the care and custody of the said J. H. Lyles until this plaintiff decided whether he would exchange the seed for meal and fertilizer or sell them.

"(2) Thereafter the defendant John H. Lyles, it is alleged on information and belief, sold said seed to his codefendant R. H. Moore, and the said R. H. Moore carried said seed away unbeknowing to this plaintiff, and disposed of the same placing them beyond the reach of this plaintiff.

"(3) That the defendant R. H. Moore well knew that plaintiff had 5,400 pounds of cotton seed in said warehouse, by reason of helping weigh them and being present when they were placed therein; that said plaintiff has demanded payment for said seed, but the defendants have neglected, failed, and refused to pay the same.

"(4) That the conversion of said seed by the defendants was willful, wanton, and in utter disregard of the rights of this plaintiff, who had placed said seed there for storage and was to determine later whether or not to sell the seed or to exchange the same for meal, all of which was well known to both defendants.

"(5) That by reason of the willful and wanton conversion of said seed by the defendants, the plaintiff has suffered damage, both actual and punitive, in the sum of five hundred ($500.00) dollars.

"Wherefore, plaintiff prays judgment against the defendants for the sum of five hundred ($500.00) dollars, his damages, both actual and punitive, and for costs."

The answer of the defendant R. H. Moore, respondent, was as follows:

"The defendant R. H. Moore answering the complaint herein:

"(1) Denies each and every allegation of the complaint not hereinafter admitted or explained.

"(2) This defendant alleges that in 1921 the plaintiff delivered to the Mayo Supply Company certain cotton seed, of about the amount and value as alleged in the complaint, for exchange for meal and hulls, and that said meal and hulls were in the possession of the Mayo Supply Company, for the plaintiff, from the time of the delivery of the seed until said company was declared bankrupt about the —— day of December, 1921, when the property was delivered to the trustee in bankruptcy.

"(3) This defendant further alleges that Mayo Supply Company sold and delivered to this defendant certain cotton seed of the value of about $2,700.00, for which he paid said company, but none of said seed was the property of the plaintiff.

"(4) This defendant further alleges that the plaintiff filed with Hon. H. E. De Pass, referee in bankruptcy, his claim against Mayo Supply Company and J. H. Lyles for the value of the seed herein set out, and said claim was allowed plaintiff on the basis of $1.75 per one hundred pounds.

"Wherefore, this defendant prays that the complaint as to him be dismissed with costs."

Appellant's exceptions follow:

"(1) Because the Court erred in sustaining the respondent's objection to the following question: 'To whom did you look for the seed?'—the error being that the answer would have been: 'To the respondent R. H. Moore.' This would have shown that although he had gone to the referee in bankruptcy to inquire about his cotton seed, just as soon

as he learned that respondent R. H. Moore had disposed of the seed, he looked to Moore. This was a material fact, which should have gone to the jury to show that he looked to the respondent R. H. Moore, who was not in bankruptcy, just as soon as he learned that the respondent Moore had disposed of the seed, and the trial Judge erred in refusing to permit the defendant to answer, and, further, in stating: 'That would be a conclusion of law.' His going to the referee in bankruptcy was prior to his learning that respondent Moore had gotten the seed. It was vital to show that after learning that seed did not go into the hands of the receiver that he made demand on the respondent Moore and never went to the bankruptcy Court thereafter. It was error for the Court to rule such answer a matter of law, and not permit the witness to answer.

"(2) Because the Court erred in directing a verdict for the respondent R. H. Moore, the error being that the respondent Moore knew that appellant's seed were in the warehouse; he weighed appellant's cotton seed and entered the amount on the books; that the jury should have passed upon the evidence of respondent's (Moore's) good faith in making the purchase, with the knowledge he admits he had, and well knew the financial condition of the Mayo Supply Company.

"(3) Because the Court erred in not directing a verdict in favor of the appellant for the value of the cotton seed, the error being that the respondents held the seed as bailee, or at least the seed were held by the Mayo Supply Company, and had knowledge of the appellant's interest; it being undisputed that the cotton seed had not been paid for, the appellant was entitled to a verdict for the actual value of the seed, one hundred and eight dollars. Then erred as to not sending the question of punitive damages as to both respondents to the jury, the error being that would warrant a verdict for punitive damages against the respondent Moore.

. "(4) Because the Court erred in allowing, over the objection of appellant's counsel, testimony as to bankruptcy of the respondents J. H. Lyles and R. H. Moore—the error being that such bankruptcy was not sufficiently pleaded; that such testimony was irrelevant, and tended to mislead and confuse the jury.

"(5) Because the Court erred in charging the jury: 'The defendant further alleges that the plaintiff filed with Hon. H. E. De Pass, referee in bankruptcy, his claim against Mayo Supply Company and this defendant for the value of the seed herein set out, and said claim was allowed plaintiff on the basis of $1.75 per hundred pounds. Now, it has been brought out in the case, under the fourth paragraph of the answer of the defendant, certain matter about bankruptcy. I have allowed the testimony for the reason that there is sufficient matter set out in this paragraph to put the plaintiff on notice that bankruptcy proceedings would be involved and I allowed the testimony over the objection of the plaintiff's counsel for two reasons: First, that there is enough in the paragraph to put the plaintiff's counsel on notice that bankruptcy proceedings were involved; and, second, because a good deal relating to bankruptcy proceedings came out before there was any objection made to the testimony on the ground that the answer was insufficient; and the third reason was to give both the Court and the jury the benefit of what had transpired at the bankruptcy proceedings in the interest of justice, and that brings up the consideration of the effect of the bankruptcy law. For nearly one hundred years in different States during the history of our Country we have had both State and National bankruptcy laws. The purpose of those laws is to give to insolvent people, to people who are unable to pay their debts, to file a petition in bankruptcy and surrender all of their property to the Courts and to distribute their property in an equitable way among all their creditors, and the effect of the bankruptcy proceeding is to discharge a person who is insolvent from all debts so that he might, after he is dis-

charged, go in business again without being cramped with incumbrances and debts hanging over him, and the law was designed to protect society in that respect. Now, the bankruptcy law does not undertake to pay debts in full; it merely discharges a debt in the way that a bankrupt, after he has been discharged, is no longer liable to his creditors for the debt, and bars any future action against the bankrupt on such debts as have been proven and from which he has been discharged. So that law has been conceded to be a wise provision of the law, not only to give creditors an opportunity to share in the distribution of the property of the insolvent person, but to give opportunity to such person to begin life in business again'—the errors being: (a) That bankruptcy was not sufficiently pleaded in the answer, to wit: 'This defendant further alleges that the plaintiff filed with Hon. H. E. De Pass, referee in bankruptcy, his claim against Mayo Supply Company and J. H. Lyles for the value of the seed herein set out, and said claim was allowed plaintiff on the basis of $1.75 per one hundred pounds.' The other error being: (b) Such action on the part of the appellant is not pleaded as a bar to this action; nor is it alleged any dividend was paid to the appellant, and further it appears that reasonable objection was made to evidence on that issue and that all evidence to that purported issue was irrelevant, as shown in exceptions first and fourth.

"(6) Because the Court erred in charging the jury: 'Or if you find that it was merely a technical conversion, unattended by willfulness and maliciousness or was a sale of the seed by the defendant, who was authorized to make the sale, if that should be the case, then your verdict would be for the defendant, or if you find that there was merely a technical or simple conversion of the cotton seed without malice, without any breach of the trust relation or fiduciary relation, then your verdict would be for the defendant, because in that case they have their remedy in the bankruptcy court, and a verdict for the value of the seed, in a case of conversion not attended by willfulness or malice, would be

useless, because it would be properly discharged in the bankruptcy case, and the law does not require this Court to do anything that is useless, for it would be merely a moot question'—the error being that the Court erred in telling the jury, 'or was a sale of the seed by the defendant who was authorized to make the sale, if that should be the case, then your verdict would be for the defendant.' There was no testimony of any sale by appellant to respondent Lyles, but only a warehousing of the cotton seed, and, further, there was no evidence authorizing a sale, for the testimony is clear that appellant had made no election as to sale or exchange. The charge was not responsive to any proof or issue in the case."

*Mr. Cornelius Otts,* for appellant, cites : *When person is chargeable with notice:* 14 S. C., 321. *Verdict improperly directed for Moore:* 85 S. C., 479; 91 S. C., 439; 99 S. C., 187.

*Messrs. Brown & Boyd,* for respondents, cite : *Irrelevant testimony:* 104 S. C., 332; 104 S. C., 16; 107 S. C., 233. *Exceptions irregular:* 97 S. C., 278. *Evidence responsive to allegations properly admitted:* 72 S. C., 442.

November 5, 1923.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for damages arising from the alleged conversion of certain personal property. His Honor the presiding Judge directed a verdict in favor of the defendant R. H. Moore and the jury rendered a verdict in favor of the defendant J. H. Lyles. The plaintiff appealed upon exceptions which, together with the complaint and the answer of the defendant R. H. Moore, will be reported. The answer of the defendant J. H. Lyles is partically to the same effect.

Rule 5, Section 6, of this Court (90 S. E. vii) contains these provisions :

"Each exception must contain a concise statement of one proposition of law or fact which this Court is asked to review. * * * Each exception must contain within

itself a complete assignment of error, and a mere reference therein to any other exception then or previously taken, or request to charge, will not be considered. The exceptions should not be long or argumentative in form."

The exceptions numbered 1, 5, and 6 are in violation of this rule, and will not be considered.

The second exception is sustained for the reason that the testimony was susceptible of more than one inference.

The third exception is overruled, for the reason that his Honor the Circuit Judge could not have directed a verdict in favor of the plaintiff without invading the province of the jury.

The fourth exception cannot be sustained for the reason that it does not appear that objection was made to the sufficiency of the manner in which the bankruptcy of the defendants was pleaded until the verdict was rendered.

A new trial is ordered as to defendant R. H. Moore, and the appeal is dismissed as to defendant J. H. Lyles.