## 11428

### JACKSON v. CARTER *ET AL.*

#### (121 S. E., 559)

1. APPEAL AND ERROR—EXCEPTION AS TO EXCLUSION OF LETTER, CONTENTS OF WHICH WAS NOT IN RECORD, OVERRULED.—Where neither the letter nor any agreed statement of its contents is set out in the record, an exception alleging error in excluding it will be overruled.

2. APPEAL AND ERROR—MISSTATEMENT OF ISSUES SHOULD BE CALLED TO TRIAL COURT'S ATTENTION.—In payee's action on a note, in which the answer alleged false representations, an instruction that, unless the consideration failed on account of representations made to makers, payee could recover, if erroneous, is such a misstatement of the issues as should have been called to the trial Court's attention.

3. EVIDENCE—PAROL CONDITION, INCONSISTENT WITH EXPRESS TERMS OF NOTE, INADMISSIBLE.—Evidence of parol conditions, inconsistent with the express terms of a note agreed on at or before the execution of the note, is inadmissible.

4. BILLS AND NOTES—VERBAL AGREEMENT, MADE AFTER DELIVERY OF NOTE, VOID IN ABSENCE OF CONSIDERATION.—A verbal agreement between makers and payees as to the time when payee could require payment, made after the execution and delivery of the note, *held* without consideration and void.

5. APPEAL AND ERROR—EXCEPTION VIOLATING SUPREME COURT RULES AS TO BRIEFING NOT CONSIDERED, UNLESS IT CLEARLY EMBRACES PREJUDICIAL ERROR.—If such an examination of an exception as may be necessary to disclose that it is framed in violation of Supreme Court Rules, Rule 5, § 6, requiring each exception to contain a concise statement of one proposition of law or fact, and not to be long or argumentative in form, also discloses that the exception clearly embraces a meritorious assignment of prejudicial error, the Supreme Court will ordinarily waive the breach of the rule and consider the exception, but otherwise the exception will not generally be considered.

---

Note: On rule that parol evidence is inadmissible to vary, add to, or alter a written instrument, see note in 17 L. R. A., 270.

6. BILLS AND NOTES—INSTRUCTION THAT PROOF OF WORTHLESSNESS OF TOOLS NO DEFENSE TO ACTION ON NOTE GIVEN FOR TRANSFER OF TOOL-SELLING BUSINESS NOT MISLEADING, EVEN IF NOT STRICTLY ACCURATE. —An instruction, stating in substance that under the undisputed evidence the consideration for the note was the transfer to defendants of the plaintiff's interest in a tool-selling business, consisting of the right to purchase and sell these tools on stated terms, and that proof of the worthlessness of the tools would not establish the defense of a failure of consideration for the note, *held* not misleading, even if not strictly accurate.

7. TRIAL—COURT'S STATEMENT TO JURY THAT ISSUES INVOLVED COLD-BLOODED BUSINESS PROPOSITION ·HELD NOT CHARGE ON FACTS.—The Court's instruction that this is not a matter of sympathy that you are dealing with, but is a cold-blooded business proposition, *held* not a charge on the facts, or an intimation of the Court's opinion that the business proposition made by plaintiff should be sustained.

8. CONTRACTS—PARTIES SECURING EXPECTED CONSIDERATION CANNOT CLAIM FAILURE OF CONSIDERATION.—Where a party gets all the consideration he voluntarily and knowingly contracts for, he will not be allowed to say he got no consideration.

9. BILLS AND NOTES—THAT CONSIDERATION FROM NOTE WAS OF "NO VALUE" IN MONETARY SENSE HELD NO DEFENSE.—That the consideration for a note from the viewpoint of hindsight is of "no value" in a monetary sense will not relieve maker of liability on the note, as "value" and "no value" are very elastic terms.

10. CONTRACTS—COURT PROTECTS PARTIES FROM FRAUD AND IMPOSITION, BUT NOT FROM BAD CONTRACTS.—The Court protects parties from the consequences of fraud and imposition, but does not protect them from the consequences of bad contracts.

Before DEVORE, J., Aiken, October, 1920.    Affirmed.

Action by W. H. Jackson against F. A. Carter and G. W. Byers.    Judgment for plaintiff and defendant appeals.

*Messrs. John F. Williams* and *Croft & Busbee* for appellant.

*Mr. R. L. Gunter,* for respondent, cites: *Negotiable Instrument:* Code 1922, Vol. 3, Sec. 3652. *Prima facie valuable consideration:* Code 1922, Vol. 3, Sec. 3675; 109 S. C., 70; 113 S. C., 140; 117 S. C., 140. *Agreement between defendants and third party could not bind plaintiff without knowledge:* 100 S. C., 353; 93 S. C., 168. *Loss*

*by own acts:* 100 S. C., 59. *Verbal testimony in absence of fraud, will not change written instrument:* 1 Greenleaf on Evidence, Sec. 281; 83 S. C., 204. *Defense of misrepresentation:* 20 R. C. L., 938.

February 23, 1924.

The opinion of the Court was delivered by MR. JUSTICE MARION.

Action by the payee to recover against the makers of a promissory note. From judgment for the plaintiff, the defendants appeal.

The defense was that the note was "without consideration" and that the consideration "entirely failed." The nature of the contentions embraced within the exceptions necessitates a somewhat extended preliminary reference to the pleadings and to the evidential facts.

On July 1, 1919, F. A. Carter and G. W. Byers, the appellants here, executed and delivered to W. H. Jackson, the respondent, their promissory note in writing, and thereby promised to pay to Jackson the sum of $601.85 on December 1st after date, with interest at 8 per cent. for "value received." Answering the complaint setting forth the cause of action on the note, the defendants, Carter and Byers, admitted the execution of the note and that it had not been paid, but alleged that it was "wholly without consideration" and that the consideration had "entirely failed." The facts set forth in the answer to support the legal conclusion as to want and failure of consideration, are substantially as follows:

That the plaintiff, Jackson, was interested in a tool-selling business with the defendant, Byers; that the defendant, Carter, entered into an agreement with the plaintiff, Jackson, to purchase his interest in that business; that the plaintiff represented to Carter "that the business was profitable and paying, so much so that he was willing, if the defendant would execute to him the note described in the

complaint and get his codefendant, G. W. Byers, to sign the same with him, that plaintiff was willing to hold the note, and to make no demand for payment until enough of the coupons used in the business had been disposed of to pay the note"; that the foregoing representations as to the profitableness of the business were false, and that plaintiff knew them to be false; that the defendant, Carter, relied upon the false representations as to the "status and condition of the business and the profitableness thereof and the value of the tools sold by the plaintiff"; that the business was a "dead loss to the plaintiff and these defendants"; that the defendants had offered to pay the note by returning "coupons"; that the defendant, Byers, also signed the note upon the aforesaid representations; that, while Byers had been financially interested in said business with the plaintiff, the plaintiff had been in active charge, and Byers was not fully aware of the situation, etc.

From the evidence adduced it appears that the plaintiff, Jackson, and the defendant, Byers, were partners in the business of selling a tool, called a "jack," under the terms of a "special dealers' contract" in writing, which had been entered into by them with the "owner" and the manufacturer of said tool, whereby it was provided that Byers and Jackson were to be furnished 1,000 of these tools during a period of one year from April 1, 1919, to be sold in Orangeburg, Calhoun and Dorchester Counties, for the consideration of $1.00 in cash paid by them and received by the owner on each of the tools, and the payment of the balance of $3.00 on each tool to the manufacturer as they were ordered out. The $1,000 paid to the "owner" by Byers and Jackson, each paying $500.00 were evidenced by "coupons," each coupon representing $1.00, which coupon, together with $3.00 in cash, entitled the dealers to have one of the jacks shipped. Prior to July, 1919, Byers and Jackson sold, or took orders, for a number of these tools. In July, the defendant, Carter, who was a son-in-

law of Byers, living on the same place with him, bought Jackson out. Jackson sold to him his half "interest in the business," which consisted of the "dealers' contract," the $1,000 in coupons acquired by Byers and Jackson thereunder, the orders taken, and one or more demonstration jacks. The purchase price paid for the "interest" represents the consideration of the note which Carter and Byers gave to Jackson, the note here in suit.

Thereafter Carter and Byers took orders for a large number of the machines, which were sold at $12.50 apiece. They ordered out from the manufacturer 425 jacks in one lot, using the coupons on these orders. They had a profit of over $6,000 on the machines which they had sold or had received orders for. They had trouble in delivering the jacks and getting customers to pay for them. Some of this was apparently due to delay in receiving a shipment mislaid by the carrier. But the cause upon which the defendants mainly relied to explain the failure of their customers to take the jacks was that the machines "were worthless." There is nothing in the evidence tending to show that the machines shipped by the manufacturer on the defendants' order were in any wise different from or inferior to the sample or demonstration machines which Byers and Carter had used in selling the jack. Byers had been in the business with the plaintiff, Jackson, at least three months before he and his son-in-law, Carter, bought Jackson's "interest." Carter had full opportunity to examine the demonstration jack, the dealers' contract, the coupons, and the orders taken, before he purchased. There is no evidence tending to prove that the plaintiff, Jackson, had anything to do with the failure of Byers and Carter to deliver and collect for the jacks sold by them.

The exceptions, eight in number, will be considered in order:

First. It is charged that the trial Court erred in excluding a certain "letter from the company," offered in evidence by the defendants. The excep-

tion is overruled for the reason that neither the letter nor
any agreed statement of its contents is set out in the record.
Assuming that it was of the nature and purport suggested
in the exception, its exclusion as irrelevant was within the
sound discretion of the trial Court.

Second.   Error is imputed to the trial Judge in
charging, with respect to the alleged failure of con-
sideration of the note:

"And unless the consideration for which it was given
failed, and failed on account of the representations made
by the plaintiff in this case to the defendants, as alleged
in the complaint, that is a valid note, and plaintiff would
be entitled to recover."

The use of the word "complaint" for "answer" in the
foregoing statement was a verbal inaccuracy, which could
not have misled the jury.   Appellants do not so contend, but
do contend that, "the Court was too limited in laying down
this principle," and that "even though there was no false
representation, if the things for which the coupons were
exchanged were worthless, the note would be invalid for
that reason."   In the view that the defense of a total failure
of consideration would be available under the issue raised
by a general denial (3 R. C. L., 944; Par. 140), the answer
did not interpose a general denial.   The execution of the
note was admitted, and the defendants then undertook to
set out the facts which rendered the note invalid.   Upon
analysis, the somewhat involved allegations of the answer
amount to no more than an averment that plaintiff made
certain false representations, which defendants relied upon
in executing the note.   In construing the answer to mean
that the failure of consideration relied upon by defendants
was "on account of the representations made by the plain-
tiff to the defendants as alleged," we cannot say there was
prejudicial error.   If there had been error, it would have
consisted of a misstatement of the issues, which should

have been called to the Court's attention on the trial. The exception is overruled.

Third. It is charged that the trial Court committed error in instructing the jury to this effect:

"The defendants in this case allege, and it is their contention, that the plaintiff promised not to push this note, not to call on them for the payment of it, until they had sold the jacks. I charge you that that promise is null and void, because it is based on no consideration," etc.

It is contended that the plaintiff's promise was a part of a valid contemporaneous verbal contract between plaintiff and defendants, for which the execution of the note constituted a sufficient consideration on the part of the defendants. The answer alleged that plaintiff represented to the defendant, Carter, that the "business was profitable and paying, so much so that he was willing" to hold the note, etc. The promise is here pleaded as a part of the plaintiff's alleged representation as to the profitableness of the business. The defendant, Carter, testified that:

"It was agreed between him and the plaintiff that, *while the note gave a definite time* for payment, the note would not be collected until witness got the money out of the sales," etc.

The testimony is not clear as to when the plaintiff is charged with making the promise, and is susceptible of the inference that it was made after the note was executed and delivered. The learned Circuit Judge doubtless proceeded upon the assumption that, if the testimony referred to a verbal promise made at or before the execution of the note, it was incompetent as tending to vary the terms of the written instrument. That assumption was valid. The alleged parol condition was inconsistent with the express terms of the writing, and under the rule prevailing in this State proof thereof was inadmissible to establish an enforceable contract made at or prior to the execution and

delivery of the note. *Stalnaker v. Tolbert* (S. C.), 114 S. E., 412, and cases there cited.

If, however, the alleged verbal agreement was made after the execution and delivery of the note, the question as to the legal force of the promise remained, and it was in that aspect of the matter, as we apprehend, that the Court's instruction was given. "Promises made on a consideration that is wholly past, without any new consideration moving to it, are void, as being without consideration." *Garrett v. Stuart,* 1 McCord, 514. Appellants have directed our attention to no evidence, and we have found none in the record, which tends to impeach the correctness of the Circuit Judge's conclusion that the alleged promise, if made after the execution and delivery of the note, was without consideration and void. The exception is therefore overruled.

Fourth. The fourth exception imputes error to the trial Court in charging (1) that the sole question for the jury was whether the two defendants signed a note on the false representation alleged to have been made by the plaintiff; (2) that if these defendants or either of them had as much information with reference to the property—the jacks—as the plaintiff, and with that information signed the note, they would be bound by it; and (3) that the undisputed evidence was that the plaintiff did not sell the defendants jacks, but his right to sell them in certain counties, etc. The errors specified in argumentative form are that the instruction was (a) a charge on the facts; (b) a misstatement of the issues; (c) an inaccurate statement of the law of estoppel in two or more respects, etc.

The exception as framed is clearly in violation of Section 6, Rule 5, of this Court, requiring that each exception "contain a concise statement of one proposition of law or fact" and it shall "not be long or argumentative in form." If such examination of an exception as may be necessary to dislose that it is framed in violation of this rule also dis-

closes that it clearly embraces a meritorious assignment of prejudicial error, the Court will ordinarily waive the breach of the rule and consider the exception. Otherwise, the exception will not generally be considered. *Cudd v. Moore* (S. C.), 119 S. E., 837. Our examination of this exception has not disclosed that it contains a meritorious assignment of error, and for the reason that it does not comply in form and content with the rule of this Court it is overruled. Certain points, however, sought to be made therein, are covered in the discussion of other exceptions.

Fifth. Appellant's fifth and sixth exceptions raise practically the same question—whether the Circuit Judge erred in charging the jury that what the plaintiff sold to the defendants was not the machines or jacks, which were alleged to be worthless, but "his right to sell these machines in this State and in the counties named," and that, in order for the defendants to sustain a defense of failure of consideration based upon the worthlessness of the jacks, they must show that, if worthless, it was "the plaintiff's fault." While the language of the Court may not have been strictly accurate, we are satisfied his legal position was essentially sound and that the jury were not misled to the defendant's prejudice. The testimony of the defendants themselves left no room for doubt that what they bought of the plaintiff was his interest in the business of selling these tools. That business was based upon the written contract between Byers and Jackson, of the one part, and the owner and manufacturer of the tools, on the other. It was the duty of the Court to construe that contract. In holding, in substance, that under the undisputed evidence the consideration for the note was the transfer to the defendants of the plaintiff's interest in this tool-selling business, consisting essentially of the right to purchase and sell these tools under the terms of the written contract, evidenced and represented by the contract itself, the coupons acquired thereunder, the orders taken, etc., we

think the Circuit Judge committed no error. If so, he correctly charged that proof of the worthlessness of the tools would not establish the defense of a failure of consideration for the note.

The jacks alleged to be worthless in this connection were not the "demonstration" jacks, but the machines which the defendants ordered out under their contracts with the owner and with the manufacturer. These machines were not sold by the plaintiff to the defendants. The transaction on the plaintiff's part was not a sale of this personal property, but was essentially an assignment of a chose or choses in action (23 R. C. L., 1187, Par. 3), viz.: the contract right to purchase and sell certain goods, the right to realize on certain subcontracts of sale then made, etc. Such an assignment carried no implied warranty of the quality or value of the articles which the assignees thus acquired the right to purchase and sell. The analogy to a purchase of the right to sell a patented article in a certain territory is sufficiently close to make pertinent the following sound observation of that distinguished jurist, Hon. T. B. Fraser, Sr., in a Circuit decree in the case of *Cool v. Cunningham*, 25 S. C., 136:

"So much of the testimony as goes to show that the patent was of no value in use, and that lamps made with the alleged improvement were unsalable, is irrelevant, as a purchaser of these patent rights takes title, as to these matters, at his own risk, unless there is some guaranty as to them."

The answer does not allege an express warranty by the plaintiff of the quality of the jacks. In so far as failure of consideration for the note is predicated upon any representation made by plaintiff as to the worth or value of the tools, the allegations of the answer were fairly stated by the Circuit Judge in his general charge, and the issue thus made most favorably presented from defendants' standpoint in this language:

"The sole question for you is whether or not the two defendants signed a note on the representations made by the plaintiff, and that those representations were not true."

The explanatory limitation upon that general charge contained in the instructions here complained of was not erroneous under the facts of this case, and the fifth and sixth exceptions are accordingly overruled.

Sixth. The seventh exception imputes error in charging:

"This is not a matter of sympathy that you are dealing with, but this is a cold-blooded business proposition."

It is argued that this was an intimation of the Court's opinion that the cold-blooded business proposition made by the plaintiff should be sustained by the jury's verdict and was a charge on the facts. The criticism is obviously without merit and the exception is overruled.

Seventh. · The eighth exception assigns error in refusing to charge, as requested, "that if the jury find, from the preponderance of the evidence, that the thing for which the note was given was of no value, it would have to find for the defendants," and in charging:

"I do not think that is a sound proposition of law in this case. I charge you that, if the thing for which the note was given was of no value, the plaintiff could not recover; but I charge you at the same time that the thing for which the note was given was not the jacks."

The defendants received the full benefit of the charge requested, subject to the one limitation that the "thing for which the note was given was not the jacks." That limitation, as we have seen in the discussion of the other exceptions, was entirely proper under the undisputed facts of this case. The broad proposition that, if the thing for which a note is given is of no value, then the payee of the note cannot recover, is, as the Circuit Judge correctly held,

unsound, certainly in its application to the facts of this case. "Where a party gets all the consideration he voluntarily and knowingly contracts for, he will not be allowed to say he got no consideration." 3 R. C. L., 946, Par. 142.

"Value" and "no value" are |very elastic terms, and merely because the consideration for a note from the viewpoint of hindsight is of "no value" in a monetary sense, the maker of the note will not be relieved of liability. To paraphrase the language of Judge O'Neall in *Goree v. Wilson,* 1 Bailey, 597, when a man from curiosity, or for the sake of information, or in the hope of gain, buys the right of gratifying the one, or procuring the other, or of launching his business bark upon an untried sea, he must be held to his contract, although he may be disappointed as to the value of his purchase. "It is not the business of courts to protect parties from the consequences of bad contracts, but to protect them from the consequences of either legal or moral fraud and imposition." *Goree v. Wilson, supra.* The ruling of his Honor, the Circuit Judge, was in accord with the foregoing principles, and affords no adequate basis for an assignment of prejudicial error.

In the foregoing discussion of the exceptions certain of the appellants' contentions as to the facts and as to their bearing upon the errors sought to be imputed to the trial Court have not been specifically adverted to. Those contentions have not been overlooked or disregarded, but were given such consideration as they were deemed to merit in arriving at the conclusions reached. Upon the whole record we are satisfied that the verdict of the jury was a righteous one, and that no prejudicial error of law was committed by the Circuit Judge in his presentation of the issues to the triers of the facts.

The judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES WATTS, FRASER and COTHRAN concur.

MR. CHIEF JUSTICE GARY did not participate.