16664

BRADY v. BRADY

(72 S. E. (2d) 193)

*Mr. W. R. Symmes,* of St. Matthews, *for Appellant,*

*Mr. L. Marion Gressette,* of St. Matthews, *for Respondent,*

August 25, 1952.

FISHBURNE, Justice.

This is an appeal from the judgment of the circuit court sustaining an oral demurrer based upon the ground that the complaint does not state facts sufficient to constitute a cause of action.

On February 11, 1949, the plaintiff (appellant here) and G. C. Brady, now deceased, executed a contract or lease, of which the following is a copy:

"This lease made this 11th day of February, 1949, between G. C. Brady, hereinafted called First Party, and Leo Brady and Rudolph Brady, hereinafter called Second Party:

"Witnesseth, First Party leases to Second Party four hundred acres of swamp land, more or less, and one hundred acres, more or less, hill lands under fence in said county and state from the first day of January, 1949, to the 31st day of December, 1959 (11) years, for the sum of two hundred dollars per year payable annually on October 15th, of each year during this lease.

"The First Party reserves the right to use any of these lands at any time during this lease and to run what stock he wants on these lands without charge, and in case of death of first party before this lease expires the second party agrees to take care of stock of first party's wife, not to exceed ten cows and twenty hogs per year.

"This agreement is made in duplicate. and to bind the parties hereto their heirs and assigns.

> "G. C. Brady (L. S.),
>   First Party,
>
> "Leo Brady (L. S.),
> "Rudolph Brady (L. S.),
>   Second Party."

The foregoing lease, which is duly recorded, is made a part of the complaint, and the allegations of the complaint show that G. C. Brady departed this life on the sixth day of October, 1949, a few months after the execution of the lease, leaving his will which was duly admitted to probate in the office of the probate court for Calhoun County. The respondent in this case is his widow, and the plaintiff is his nephew. It is conceded that the land covered by the lease, amounting to approximately 500 acres, is owned by the respondent, either for life or in fee. But insofar as the construction of the lease is concerned, the extent of her interest is immaterial.

It is alleged that following the execution of the lease, and under the terms thereof, the appellant entered into possession of the tract of land, and continued in quiet and undisturbed possession until the death of the lessor. That after his death, respondent through her agents, became a constant trespasser thereon, molesting his peaceable possession, and has refused to desist upon the repeated and urgent demands of the lessee. The appellant prays for injunctive relief.

After the jury was sworn and the pleadings read, the respondent interposed an oral demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The trial judge, upon a full argument of the issue, sustained the demurrer, with leave to appellant if he should be so advised, to serve an amended complaint.

The appellant bases his appeal upon a single exception, couched in the following language:

"That his Honor, the trial judge, erred in sustaining the oral demurrer to the complaint upon the ground that the complaint did not state a cause of action, the error being that the complaint does state a cause of action."

The respondent takes the position that this exception is too general, and that under the settled rule, the exception cannot be considered.

We have held in many cases that every ground of appeal ought to be so distinctly stated that the court may at once see the point which it is called upon to decide without having to "grope in the dark" to ascertain the precise point at issue. Rules of Supreme Court, Rule 4, Sec. 6; *Gordon v. Rothberg,* 213 S. C. 492, 50 S. E. (2d) 202; *Pate v. C. I. T. Corporation,* 199 S. C. 244, 19 S. E. (2d) 107; *Elkins v. South Carolina & G. R. Co.,* 59 S. C. 1, 37 S. E. 20.

In our opinion, the exception is too indefinitely phrased and fails to contain within itself a complete assignment of error so as to comply with the Supreme Court Rule. When coming within this category, it will not

generally be considered. *Cudd v. Moore,* 126 S. C. 266, 119 S. E. 837.

It has been held, however; "If such examination of an exception as may be necessary to disclose that it is framed in violation of this rule also discloses that it clearly embraces a meritorious assignment of prejudicial error, the court will ordinarily waive the breach of the rule and consider the exception." *Jackson v. Carter,* 128 S. C. 79, 121 S. E. 559, 562.

Our examination of appellant's exception discloses that it contains what we consider a meritorious assignment of error. We therefore overrule respondent's objection thereto.

The trial court in construing the least hereinabove quoted, held that Brady, the lessor, expressly reserved the right to use the land at any time during the life of the contract; that this right was not limited to him personally, or during his life, but was extended under the terms of the agreement to his heirs and assigns.

The appellant contends that although the lessor did reserve the right to use any of the lands at any time during the life of the lease, and the right to run his stock thereon without charge, this was a personal right to the lessor only so long as he lived; that this right ended with his death, after which appellant became obligated "to take care of stock of first party's wife, not to exceed ten cows and twenty hogs per year."

It is fundamental that in the construction of the language of a lease, it is proper to read together the different provisions therein dealing with the same subject matter, and where possible, all the language used should be given a reasonable meaning. *Chatfield-Woods Co. v. Harley,* 124 S. C. 280, 117 S. E. 539; 51 C. J. S., Landlord and Tenant, § 232(e), page 852.

Agreements should be liberally construed so as to give them effect and carry out the intention of the parties. In arriving at the intention of the parties to a lease, the subject matter, the surrounding circumstances,

the situation of the parties, and the object in view and intended to be accomplished by the parties at the time, are to be regarded, and the lease construed as a whole. Different provisions dealing with the same subject matter are to be read together. *Bolt v. Ligon,* 144 S. C. 218, 142 S. E. 504; 32 Am. Jur., Sec. 127, Page 130, 131.

What was the real intention of the parties here? The contract purports, in terms, to be a lease, and we think it is expressed without patent or latent ambiguity. As we read the agreement, the only reasonable construction of the second paragraph is that the right reserved by the lessor to use the leased property and to run his stock thereon without charge, was personal to him, and was to continue only so long as he lived. The lessor by the last clause of the lease makes this clear. It is there stated: "in case of death of first party before this lease expires the second party agrees to take care of stock of first party's wife, not to exceed ten cows and twenty hogs per year." By this provision, he obviously foresaw and took care of a completely changed situation contingent upon his death.

The lease concludes with the statement that it is "to bind the parties hereto their heirs and assigns." But this provision cannot be construed to mean that heirs and assigns succeed to the personal right reserved by the lessor to make use of the land and to run his stock thereon without charge during his lifetime. The appellant is now obligated to pay the annual rental until the expiration of the lease, and is charged to care for the respondent's stock, not to exceed ten cows and twenty hogs per year. It is admitted that he has paid the rent to date and that he has cared for the stock in question.

In our opinion, the court committed error in sustaining the demurrer. It is therefore ordered that the case be remanded for trial.

Judgment reversed.

BAKER, C. J., and STUKES, TAYLOR and OXNER, JJ., concur.