17167

ISADORE SHOCKET, d/b/a Empire Jobbing House, Respondent, v. J. C. FICKLING and BEATRICE W. FICKLING, Appellants

(93 S. E. (2d) 203)

*Messrs. Marshall B. Williams* and *Hydrick & Hydrick,* of Orangeburg, for Appellants,

*Messrs. T. B. Bryant, Jr.,* and *Fred R. Fanning, Jr.,* of Orangeburg, *for Respondent,*

*Messrs. Marshall B. Williams* and *Hydrick & Hydrick,* of Orangeburg, *for Appellants, in reply,*

May 23, 1956.

TAYLOR, Justice.

This appeal arises out of an action brought by respondent in the Court of Common Pleas for Orangeburg County upon three promissory notes. The case was tried before the Honorable T. B. Greneker and a jury at the March Term and resulted in a verdict for plaintiff-respondent in the sum of $3,000.00. Defendants appealed to this Court from the trial Court's refusal to grant a new trial upon the following grounds:

"(1) That the Court erred in not charging the jury that a partial failure of consideration is a defense *pro tanto* to the suit brought on the three notes.

"(2) That the verdict of the jury is contrary to the greater weight of the evidence."

On Monday, May 18, 1953, appellant, J. C. Fickling, purchased from respondent at his place of business in Baltimore, Maryland, a lot of merchandise valued at $3,500.00, for which he gave a check in the sum of $500.00 which was to be cashed immediately and one for $3,000.00 which was not to be used provided the appellant, Fickling, and his wife, Beatrice W. Fickling, immediately upon Fickling's return to Orangeburg, executed and mailed to respondent their promissory notes in the amount of $1,000.00 each, payable in one, two, and three months. This was done and the $3,-000.00 check was returned to J. C. Fickling. Appellants failed to meet these notes when due, and respondent brought suit.

Appellants contend first that the Court erred in not charging the jury that a partial failure of consideration is a defense *pro tanto* to the suit brought on the three notes and relies upon Section 8-845 of the 1952 Code of Laws for South Carolina, which reads as follows:

"Absence or failure of consideration is a matter of defense as against any person not a holder in due course and partial failure of consideration is a defense *pro tanto* whether the failure is an ascertained and liquidated amount or otherwise."

Appellants had set forth in their answer that the merchandise with the exception of the hardware was in boxes, and Fickling was not afforded an opportunity to inspect it but relied upon respondent's representation that it was salable; that the notes were mailed to respondent before the boxes were opened and the goods inspected in Orangeburg; further:

"(5) That immediately upon receipt of the goods at the store and at the very first opportunity, the defendant, J. C. Fickling, undertook to check his purchase by the list or invoice which had been furnished him as aforesaid and found that the merchandise was not as represented, in that, at least ninety (90%) per cent of it was torn, soiled, cut up, useless, unsalable and unfitted for the purpose for which it was bought; for example, there were shirts with only one sleeve, pants with one leg, coats and jackets cut, some with one and some with no sleeves, shoes that did not match, hose and socks that did not match, curtains and drapes that did not match.

"(6) That when the defendant, J. C. Fickling, was negotiating with Mr. Isadore Shocket, it was represented to him that the list of goods totaled two thousand nine hundred sixy-two dollars and forty-five cents ($2,962.45); that at the time he was furnished this list there was annexed to it what casually appeared to be an adding machine tape of the figures with a total of two thousand nine hundred sixty-two dollars and forty-five cents ($2,962.45); after these defendants had delivered the notes it was discovered that a correct tabulation of the said list gave a total of two thousand two hundred seventy-three dollars and ninety five cents ($2,273.95).

"(7) That immediately upon discovery of the condition of the merchandise and the error in the tabulation, the defendant, J. C. Fickling, telephoned Mr. Shocket from Orangeburg and told him about the condition of the goods, that they were not as represented and that only a few articles would be of use to him and thereupon Mr. Shocket told the defendant, J. C. Fickling, to go ahead with the goods and that he would come to Orangeburg and make the proper adjustments which he has never done.

\* \* \*

"(9) These defendants further allege that the reasonable value of the merchandise that the plaintiff delivered to the defendant, J. C. Fickling, is not in excess of five hundred ($500.00) dollars and that the defendant has already paid to plaintiff this amount and that neither of the defendants are in anywise indebted to plaintiff."

The testimony is contradictory as to whether or not appellant actually inspected the merchandise or whether it was incased in boxes and cartons and was bought from an inventory list only. Appellant contends that he bought from a list and upon opening same in Orangeburg after the notes had been mailed, he found that it was not salable merchandise as represented but "90-95 per cent junk"; that he shortly thereafter telephoned respondent, advised him of the situation and that he stated: "What are you worried about? If the merchandise is not what you bought, you know Ike Shocket"; that he promised to come to Orangeburg for the purpose of viewing the merchandise and making adjustments; that he realized only $482.00 from the sale of a portion of this merchandise; that the rest was of no value and was not salable in this section of the country; therefore, he had not bothered to return it to respondent but was expecting respondent to comply with his agreement to come to his place of business in Orangeburg for the purpose of making an adjustment. Respondent denied the foregoing almost in its entirety and stated that the merchandise was in good order, salable, and well worth over $3,500.00. The

evidence further discloses that on June 17, 1953, two days before the first note was due, appellant, through his attorney, wrote respondent complaining that there was a discrepancy in the listing of the merchandise, but no mention was made as to its unsatisfactory condition. It further appears that appellant made other purchases from respondent subsequent to the purchasing of the merchandise for which the notes were given, paying cash therefor, and continued to do business with respondent as he had in the past.

In 10 C. J. S., Bills and Notes, § 148 c, p. 603, we find the following:

"Some valid or valuable consideration is all that the law requires to support the undertaking of a party to a bill or note. If such a consideration exists its adequacy or sufficiency as compared to the value of the thing promised is ordinarily immaterial, in the absence of fraud, mistake or undue influence. The undertaking may be supported by a consideration of a most trifling nature, or a consideration having 'no value' in the monetary sense; * * *."

At 10 C. J. S., Bills and Notes, § 151 b, p. 613, the following appears:

"Under the rules stated in § 148 c as to the adequacy or consideration, if the property or thing involved has some possible value its adequacy as compared with the amount or size of the undertaking is ordinarily immaterial; and if the property or thing contracted for or contemplated by the parties has actually been delivered or transferred it is frequently held to constitute consideration although it proves of little or no value, * * *."

And also § 152, p. 627:

"If there is a sufficient consideration in the form of a transfer or conveyance of property or some right or interest therein, see *supra* § 151 b, the consideration does not fail because the property subsequently proves or becomes of little or no value, * * *." See also *Jackson v. Carter*, 128 S. C. 79, 121 S. E. 559.

Giving appellants' answer a liberal construction and considering it in the light of the applicable statute, we are unable to agree with appellants' contention that they were erroneously denied the benefits of a plea of partial failure of consideration. According to appellant's own testimony the value of the merchandise was $482.00 or $18-.00 less than the cash paid at the time of purchase, exclusive of the notes, thereby placing the notes in the status of having been issued without consideration. Further, the trial Judge, at the conclusion of his charge and in the absence of the jury, made inquiry of counsel: "Do you have any objections to what I charged them?" As a result, the following transpired:

"Mr. Hydrick: I have no objection except this, Your Honor, I think that if they entered into a new agreement, I think that would serve to discharge the endorsement on the note.  *   *   *"

"The Court: Well, Mr. Hydrick, inadequacy of consideration is not a failure of consideration.

"Mr. Hydrick: I am not pleading inadequacy of consideration.

"The Court: You are pleading failure of consideration?

"Mr. Hydrick: Yes, sir."

The trial Judge then requested counsel to put in writing such request which was complied with and the jury was further charged in the following language:

"I also charge you that the defendant also sets up the defense of waiver. I charge you that defense in this case is not only failure of consideration but waiver and waiver is the relinquishment of a known legal right and if the parties made a new agreement with respect to the purchase, then the new agreement becomes substituted for the original agreement and in that event recovery may be had, under the new agreement, for such amount as the jury may find to be due, if any."

Appellant testified that only $482.00 worth of the merchandise was salable and exhibited a number of items in Court as being a portion of the lot of merchandise purchased from respondent at the time the notes were given. Respondent testified that none of the merchandise exhibited was part of the lot purchased but that some were items of other purchases which appellant had made at other times, not as salable goods but as rags; that the value of the merchandise, as heretofore stated, was in excess of $3,500.00; therefore the verdict of the jury in favor of respondent in the sum of $3,000.00 was not unsupported by the evidence.

We are of opinion that all exceptions should be overruled and the appeal dismissed, and It is So Ordered.

Affirmed.

STUKES, C. J., OXNER and LEGGE, JJ., and G. BADGER BAKER, Acting Associate Justice, concur.