17187

H. COOPER JOHNSTON, Appellant, v. THE FARMERS AND MERCHANTS BANK, Respondent

(93 S. E. (2d) 916)

Messrs. *McLeod & Singletary,* of Columbia, and *J. D. Parler,* of St. George, *for Appellant,*

Messrs. *Rosen, Horger & Sims,* of Orangeburg, *for Respondent,*

July 12, 1956.

TAYLOR, Justice.

This appeal arises out of an action by appellant for an accounting brought in the Court of Common Pleas for Orangeburg County.

The complaint alleges that beginning on November 20, 1946, and continuing through January 31, 1952, the appellant intermittently obtained loans from the respondent in varying amounts, giving as security therefor, in one instance, a note secured by a real estate mortgage, renewed annually, on which the respondent is the original payee, and chattel mortgages on new cars from time to time purchased. As further security, appellant assigned to the respondent rentals from the mortgaged real estate in the amount of $45.00 per month and payments due him from the executors of his mother's estate at the rate of $50.00 per month; payments under both assignments were made directly to the respondent bank. The complaint demands an accounting of the respondent, cancellation of the last renewal of the real estate loan note, executed in reliance upon respondent's asserted claim, and judgment for overpayment in the amount of $1,-744.02. This amount in the course of trial was reduced by appellant to $1,594.02.

In due time, the respondent answered asserting that a full accounting had been made; that appellant, as evidenced by his last renewal note, secured by the real estate mortgage, was due the respondent the sum of $894.44, with interest, and attorney's fee, and by counterclaim sought judgment in that amount and foreclosure of the mortgage. The reply of appellant controverted this claim.

By appropriate order, this matter was referred to a Special Referee, to take testimony and to report his findings of fact and conclusions of law, with leave to report any special matter. Thereafter, the Special Referee, on September 8,

1954, rendered his report, wherein he concluded as a matter of law and found among other things that the appellant was bound by his last renewal note and was due the respondent the sum of $1,067.94, including $97.09 as an attorney's fee and recommended that the complaint be dismissed and the respondent have judgment of foreclosure.

Exceptions were duly filed challenging among other things the Referee's conclusion of law that appellant was absolutely bound by his last renewal note and could not offer evidence to vary the effect thereof, particularly with respect to various rental, estate checks and personal check payments, which appellant contended were unaccounted for by the respondent.

The matter was heard by the Honorable William H. Grimball, Presiding Judge, who, on March 24, 1955, rendered his decree and judgment for foreclosure and sale and held that respondent had given appellant credit for all payments made and that the allegations of the counterclaim had been substantiated by the evidence. He further affirmed the report of the Special Referee in its entirety and gave judgment for foreclosure and sale. In other words, he sustained the finding of the Referee that appellant as a matter of law is bound by his promissory note executed January 3, 1952, and that he cannot offer any testimony with respect to the payments or credits prior to that date as such would vary the terms of the written instrument.

This note was the last in a series of renewal notes which had their origin in the 1946 loan heretofore referred to, and appellant is entitled to an accounting from the date of the original note.

Title 8, Sec. 845, Code of Laws of South Carolina 1952, provides:

"Absence or failure of consideration is a matter of defense as against any person not a holder in due course and partial failure of consideration is a defense *pro tanto* whether the failure is an ascertained and liquidated amount or otherwise."

Respondent is the original payee of the note and not a holder in due course without notice, and it was error to reject appellant's proffered testimony as to payments allegedly made prior to the date of the last note. *First National Bank v. Usery,* 131 S. C. 518, 128 S. E. 707; *McGrath v. Barnes,* 13 S. C. 328, 36 Am. Rep. 687; *Bulwinkle & Co. v. Cramer & Blohme,* 27 S. C. 376, 3 S. E. 776, 13 Am. St. Rep. 645; *Stalnaker v. Tolbert,* 121 S. C. 437, 114 S. E. 412; see also *Shocket v. Fickling,* S. C., 93 S. E. (2d) 203.

The order appealed from is reversed, and the case remanded to the Court of Common Pleas for Orangeburg County in order that a full accounting may be had between the parties showing all debits and credits.

Reversed and remanded.

STUKES, C. J., and OXNER, LEGGE and Moss, JJ., concur.