**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Family Dollar Stores of South Carolina, LLC, successor by merger of Family Dollar Stores of South Carolina, Inc., Appellant,

v.

1260 E Butler Road Self Storage, LLC, and 3575 Maybank, LLC, Respondents.

Appellate Case No. 2023-001414

Appeal From Charleston County
Bentley Price, Circuit Court Judge

Unpublished Opinion No. 2025-UP-015
Submitted December 2, 2024 – Filed January 15, 2025

**AFFIRMED**

Michael Kevin McCarrell, of Fox Rothschild, LLP, of Greenville, for Appellant.

Brendan P. Langendorfer, of Langendorfer Law Firm, LLC, of Mount Pleasant, for Respondents.

**PER CURIAM:** Family Dollar Stores of South Carolina, LLC, successor by merger of Family Dollar Stores of South Carolina, Inc. (Tenant), appeals the circuit

court's affirmance of the magistrate's order of ejectment in favor of 1260 E Butler Road Self Storage, LLC, and 3575 Maybank, LLC (collectively, Landlord), arguing (1) the magistrate's order rested on a misstatement of fact; (2) ejectment was improper due to Tenant's efforts to cure the alleged defaults; (3) the alleged defaults were not sufficiently material to warrant ejectment; and (4) Landlord's default notices were deficient.  We affirm.

**FACTS**

Beginning in 1992, Tenant leased a commercial property on Maybank Highway, Johns Island, to operate a retail store.  The lease included a forfeiture provision, which provided the following:

> 18. <u>Forfeiture For Failure To Pay Rent</u>.  The Landlord hereby agrees that the Tenant, upon paying the rentals as hereinbefore stipulated, and performing all of the stipulations, agreements and covenants herein contained, shall and may peaceably and quietly have, hold and enjoy the demised premises . . . .
>
> If the Tenant defaults in the performance of any covenant or condition of this lease which is not cured or in the process of being cured, unless in the case of a bona-fide dispute, within thirty (30) days after receipt of written notice by Tenant, or if the rent above referred to, or any part thereof, shall be unpaid on the date of payment by the terms hereof . . . then and in such case it shall and may be lawful for the said Landlord, at its option, to declare the said term ended . . . and expel the said Tenant . . . .

By notice of default dated March 1, 2022, Landlord maintained Tenant defaulted in numerous ways, including the fire code violation of obstructing the passageway to the riser room located at the back of the premises.  Landlord sent another notice of default dated April 28, 2022.  The notice again alleged numerous violations, including that the back room was still obstructed.  According to the affidavit of Tracy Watson, Landlord's manager, Watson inspected the facility again on May 16, 2022, and noted Tenant continued to obstruct access to the riser room.  Landlord sent the third notice of default dated May 19, 2022.  It indicated the

previous defaults had not been adequately cured and alleged the passageway to the riser room was still obstructed.

On June 2, 2022, the Charleston Fire Department (CFD) inspected the premises and found violations, including an exit path obstruction. The Department Violation Notice stated a reinspection would be conducted on July 2, 2022. Landlord filed this action dated June 22, 2022, seeking Tenant's ejectment.

CFD re-inspected on July 5, 2022 and again found various violations, including obstruction of the exit path. CFD issued a summons to Tenant on July 6, 2022, for re-opening prior to re-inspection. CFD inspected the premises on July 27, 2022, and found no violations.

Landlord provided the affidavit of employee Shannon Lhotsky, stating Tenant did not timely cure the defaults because Tenant was noticed in March, Tenant signed the notice, and Tenant continued to block access to the riser room as seen during the inspections in April, May, and July. Lhotsky stated Tenant never responded to any of the letters sent by Landlord.

Tenant provided an affidavit of its district manager, Chris Anton, in which he stated Tenant was in the process of curing any alleged defaults as soon as noticed in March 2022; he "personally took steps" to resolve CFD violations; and CFD found no violations in its July 2022 inspection. Anton also stated he inspected the premises on September 9, 2022, and he found no issues. Tenant provided Anton's subsequent affidavit, alleging Tenant began taking steps to cure the alleged defaults after the store was closed by CFD in June. Tenant also provided the affidavit of Star Quinn, an employee, who stated she cleared the obstruction to the riser room prior to the CFD inspection on June 2, 2022. She additionally averred she received a copy of the CFD report, and it did not refer to any issues with access to the riser room.

The parties filed cross-motions for summary judgment. After a hearing, the magistrate granted Landlord's motion for summary judgment, finding Tenant failed to timely cure the blocked access after the March 1, 2022 notice of default. The magistrate ordered a writ of ejectment. Tenant appealed to the circuit court and the magistrate issued a return, stating summary judgment was granted to Landlord solely on the allegation of obstructing the riser room. After a hearing, the circuit court affirmed the magistrate, finding the magistrate's order was "not affected by any material error of law or of fact and that the justice of the case dictate[d] that the" order be affirmed. This appeal followed.

**STANDARD OF REVIEW**

"Where cross motions for summary judgment are filed, the parties concede the issue before us should be decided as a matter of law." *Wiegand v. U.S. Auto. Ass'n*, 391 S.C. 159, 163, 705 S.E.2d 432, 434 (2011). "Therefore, we need not determine whether there are genuine issues of fact; instead, we are only concerned with the resolution of the questions of law." *S.C. Pub. Int. Found. v. City of Columbia*, 431 S.C. 164, 167, 847 S.E.2d 257, 258 (Ct. App. 2020).

**LAW/ANALYSIS**

**A.     ALLEGED MISSTATEMENT OF FACT**

Tenant maintains the magistrate's decision was based on a significant misstatement of fact because it was based on CFD finding obstruction of the riser room where CFD's June 2, 2022 notice did not include obstruction of the riser room as a concern. We disagree.

We acknowledge it is unclear whether the violation noted on CFD's report requiring, "[e]xit path unobstructed" is the same as Landlord noted in its previous notices of default, obstruction to the riser room. However, we find overwhelming evidence in the record that Tenant was continuously noticed regarding unsafe obstructions between March and June of 2022; thus, we find no prejudice to Tenant based on any misstatement by the magistrate regarding the CFD's notice. *See JKT Co. v. Hardwick*, 274 S.C. 413, 419, 265 S.E.2d 510, 513 (1980) ("An error not shown to be prejudicial does not constitute grounds for reversal.").

**B.     ENTITLEMENT TO EJECTMENT**

Tenant argues the court erred in granting ejectment, maintaining it provided evidence it was in the process of curing the alleged defaults, which is all the lease required. Tenant argues Quinn's affidavit stated she cleared the obstructions to the riser room in April or May of 2022, and it provided other evidence of compliance with Landlord's demands. Finally, Tenant argues the caption of the forfeiture provision of the lease implies Tenant would be subject to forfeiture only for failure to pay rent, not other types of defaults. We find no reversible error.

The lease requires Tenant to cure defaults within thirty days. We find Tenant failed to cure the defaults within thirty days of Landlord's initial notice of default,

which was dated March 1, 2022.  According to the proof of delivery of the notice, Tenant received the notice on March 7, 2022.  The obstructions to the riser room remained during Landlord's inspections in April and May.  Based on our own review of the record, we find Landlord was entitled to ejectment.  *See* S.C. Code Ann. § 27-37-10 (2007) (providing a landlord may eject a tenant "when (1) the tenant fails or refuses to pay the rent when due or when demanded, (2) the term of tenancy or occupancy has ended, or (3) the terms or conditions of the lease have been violated"); *Brady v. Brady*, 222 S.C. 242, 246, 72 S.E.2d 193, 195 (1952) (stating "where possible, all the language used [in a lease] should be given a reasonable meaning").

## C.    MATERIALITY OF ALLEGED DEFAULTS

Tenant argues the alleged defaults were not sufficiently material to warrant ejectment.  We disagree.

In *Kiriakides v. United Artists Communications, Inc.*, our supreme court found that although section 27-37-10 gives a landlord the right to terminate a lease, that right is not unlimited.  312 S.C. 271, 275-76, 440 S.E.2d 364, 366 (1994); *see id.* at 276, 440 S.E.2d at 366 (adopting "the majority rule that the landlord's right to terminate is not unlimited and that the court's decision to permit termination must be tempered by notions of equity and common sense").  The court held "that a forfeiture for a trivial or immaterial breach of a commercial lease should not be enforced."  *Id.*  The  court adopted the following factors from the *Restatement (Second) of Contracts* § 241 (1981) to apply in "determining whether the breach of a commercial lease is trivial or immaterial":

> (a) the extent to which the injured party will be deprived of the benefit which he reasonably expected;
> (b) the extent to which the injured party can be adequately compensated [by damages] for the part of that benefit of which he will be deprived;
> (c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture;
> (d) the likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of all the circumstances including any reasonable assurances;

(e) the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing.

*Id.* at 276, 440 S.E.2d at 366-67 (alteration in original).

Tenant argues the alleged defaults were "minor operational concerns," which have been cured. Landlord argues the *Kiriakides* factors favor ejectment. After a review of the *Kiriakides* factors, we affirm, finding the first two factors favor termination due to Landlord's legitimate concern regarding Tenant's lack of concern for the safety of the entire shopping center, which we conclude Landlord reasonably expects. As to the third and fourth factors, although we recognize termination of the lease is a drastic remedy, Tenant's pattern of behavior in failing to timely cure defaults "simply cannot be ignored." *Harris Teeter, Inc. v. Moore & Van Allen, PLLC*, 390 S.C. 275, 288, 701 S.E.2d 742, 748-49 (2010) (finding the arbitrator "cited and considered all *Kiriakides* factors" and affirming the termination of a lease where the arbitrator found Harris Teeter's pattern of behavior of failure to pay sums due to the landlord could not be ignored). Finally, we find Tenant's behavior did not "comport[] with standards of good faith and fair dealing," as required by the final *Kiriakides* factor. *Kiriakides*, 312 S.C. at 276, 440 S.E.2d at 367 (quoting the *Restatement (Second) of Contracts* § 241 factors). The obstruction to an exit of the store continued for a significant length of time, which presented a significant hazard to the public. We find Landlord was entitled to ejectment under the *Kiriakides* factors.[1]

## D.    SUFFICIENCY OF DEFAULT NOTICES

Tenant finally argues Landlord's notices of default were deficient because the lease entitled Tenant to thirty days to cure and the notices demanded Tenant cure within ten days. We find even if Landlord's notices were deficient, Tenant was not prejudiced by the notices because Tenant failed to cure the defaults within thirty days of the initial notice. *See JKT Co.*, 274 S.C. at 419, 265 S.E.2d at 513 ("An error not shown to be prejudicial does not constitute grounds for reversal.").

## CONCLUSION

---

[1] For the first time in its Reply Brief, Tenant argues the magistrate erred in failing to consider the *Kiriakides* factors. "[A] party cannot raise an issue for the first time in an appellate reply brief." *ABB, Inc. v. Integrated Recycling Grp. of SC, LLC*, 432 S.C. 545, 553, 854 S.E.2d 171, 175 (Ct. App. 2021).

For the foregoing reasons, the order on appeal is

**AFFIRMED.**[2]

**THOMAS, HEWITT, and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.